IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT JAMES DAVIS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 13-cv-1153-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Robert James Davis' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Davis' motion.

1. **Background**

Davis was convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 in the Eastern District of Tennessee, Case Number 98-cr-77-011. *See United States v. Davis*, Case Number 12-cr-40100-JPG, Doc. 1. On May 24, 1999, the Honorable R. Allan Edgar sentenced Davis to 190 months imprisonment and 60 months supervised release. *See* Doc. 2 in Case No. 12-cr-40100-JPG. Thereafter, this Court accepted jurisdiction over Davis in a transfer of jurisdiction order dated September 13, 2012. *See* Doc. 1 in Case Number 12-cr-40100-JPG. Davis' term of supervised release was to run from February 6, 2012, until February 5, 2015. *Id.* However, on November 27, 2012, this Court revoked Davis' supervised released after he admitted guilt to the following violations of the conditions of his supervised release: (1) committing the offense of unlawful delivery of cannabis, cocaine, and a look-a-like substance; (2) submitting an incomplete written report; (3) associating with a felon

without permission; and (4) failing to notify probation within 72 hours of being arrested or questioned by police. *See* Doc. 16 in case number 12-cr-40100-JPG. The undersigned judge sentenced Davis to sixty months imprisonment. Davis did not file a direct appeal.

Davis filed his § 2255 motion on November 6, 2013, alleging counsel was ineffective during the revocation proceedings. Specifically, Davis complains that his attorney, Judith Kuenneke, incorrectly informed him that the state would prosecute him and he would receive a longer sentence if he did not admit to the allegations against him in the revocation proceedings. Davis claims counsel never talked to the state investigator and the state ultimately dropped the charges against him. As a result, Davis argues that he "didn't intelligently take the plea to the probation violation, at the best [he] was coerced into taking the plea to 60 months." Doc. 1, p. 5.

## 2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Seventh Circuit has interpreted 28 U.S.C. § 2255 as not necessitating an evidentiary hearing "when a petitioner's allegations are 'vague, conclusory, or palpably incredible rather

than detailed and specific.'" *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)).  As a threshold requirement, a § 2255 petitioner must attach to her petition "a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067 (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)).  Davis has failed to attach a detailed and specific affidavit in support of his allegations.  Even if Davis had attached the required affidavit showing he had actual proof of his allegations, the Court would deny Davis' motion for the following reasons.

       The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  The Sixth Amendment right to effective assistance of counsel, however, does not extend to defendants in revocation proceedings unless "the denial of counsel would violate due process of law, which ordinarily will be true only if the defendant makes a colorable claim '(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate.'"  *United States v. Eskridge*, 445 F.3d 930 (7th Cir. 2006) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

       Here, Davis does not deny the allegations to which he admitted guilt in the revocation proceedings.  Neither does he offer any arguments that would justify or mitigate the violations.

Accordingly, Davis did not have a constitutional right to counsel during his revocation proceedings that would support an ineffective assistance of counsel claim.  As such, the Court must deny Davis' § 2255 motion.

### 3.  Certificate of Appealability

Having denied Davis' motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Davis has made no such showing.  Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Davis may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 4.  Conclusion

For the foregoing reasons, this Court

- **DENIES** Davis' § 2255 motion (Doc. 1);
- **DISMISSES** this action;
- **DENIES** a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  November 14, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**